# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 C 654 |
| v. ) | |
| ) | |
| VINCENT HAMILTON, ) | HONORABLE DAVID H. COAR |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Vincent Hamilton's motion to vacate his conviction and/or sentence pursuant to 28 U.S.C. § 2255 is before the court. For the following reasons, the motion is DENIED.

## BACKGROUND

Vincent Hamilton laid in wait as two of his confederates robbed a Chicago bank on December 9, 2004. When they returned to the getaway van, Hamilton floored it and took off, sparking a high speed chase through fifteen city blocks that ended abruptly when Hamilton crashed into a pole. The three robbers tried to flee on foot, only to discover that Hamilton had unwittingly driven into a parking lot surrounded by a high chain-link fence. All three were arrested. A search of the van turned up $119,990; a loaded .380 caliber Beretta semi-automatic; a loaded .38 caliber revolver; black and latex gloves; and three walkie talkies.

At trial, Hamilton testified that the others had roped him into their scheme on the pretext that they needed a ride to go buy some marijuana. What's more, they put a gun to his head when the police appeared on the scene. Naturally, then, Hamilton sped away—only to stymie the robbers' getaway by deliberately crashing into a pole. Fearing the van would explode, Hamilton fled for safety.

The jury, declining to credit Hamilton's tale of deception and duress, convicted him of one count of bank robbery, 18 U.S.C. §2113(a), and one count of possessing a firearm during the commission of a crime of violence, 18 U.S.C. § 924(c)(1)(A). This court sentenced Hamilton to a total term of 234 months' imprisonment: 151 months for armed robbery to be followed by 84 months for carrying a firearm. Hamilton's sentence was at the low end of the guidelines range. This calculation reflected the court's considered judgment on two matters. *First*, Hamilton was less culpable than his codefendants because he was only minimally involved in planning the robbery; the others presented Hamilton with what he thought was a low-risk opportunity to make some money and he took it. *Second*, the court imposed a two-point enhancement for obstruction of justice, U.S.S.G. § 3C1.1, based on its finding that Hamilton had obviously lied on the stand.

On direct appeal, Hamilton argued that this court (i) failed to adequately consider the relevant § 3553(a) factors in sentencing him; (ii) improperly enhanced his sentence by two levels for obstruction of justice; and (iii) improperly admitted evidence of Hamilton's involvement in prior robberies, namely, an out-of-court conversation between Hamilton and a coconspirator. The Seventh Circuit rejected all three of Hamilton's arguments, and affirmed his conviction and sentence. *See United States v. Price*, 516 F.3d 597, 606-07 (7th Cir. 2008), *cert. denied sub nom. Hamilton v. United States*, 128 S. Ct. 2279 (2008).

Hamilton then filed a timely motion under § 2255 in this court. He raises four claims: (i) this court gave excessive weight to the guidelines and failed to address the sentencing factors counsel presented to the court; (ii) this court abused its discretion by imposing a two-point obstruction enhancement; (iii) his conviction was obtained by the wrongful use of other-acts evidence; (iv) trial counsel was ineffective.

## **LEGAL STANDARD**

Federal prisoners may challenge their detention if their conviction or sentence is based on an error that is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal citation and quotation marks omitted); *see* 28 U.S.C. § 2255. If this court determines that such a defect exists in the judgment or sentence, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Alternatively, a district court may conduct an evidentiary if the prisoner has alleged facts that, if proven, would entitle him to relief. *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (quotation marks and citations omitted); *see* Rule 8(a) of the Rules Governing Section 2255 Proceedings. "[A] hearing is not necessary if the petitioner makes conclusory or speculative allegations rather than specific factual allegations." *Daniels v. United States*, 54 F.3d 290, 293 (7th Cir. 1995).

## **ANALYSIS**

### *Claims I-III*

"A § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) (quotation marks and citation omitted). Issues that were raised and resolved on direct appeal may not be reconsidered on a § 2255 motion unless the law has changed or new facts have come to light. *See id.*; *Peoples v. United States*, 403 F.3d 844, 847 (7th Cir. 2005). Here, the Seventh Circuit found on direct appeal that (i) Hamilton's sentence was reasonable, and that this court adequately considered the relevant § 3553(a) factors; (ii) the two-point enhancement for obstruction of justice was proper;

and (iii) evidence of Hamilton's involvement in prior robberies was properly admitted. *See Price*, 516 F.3d at 606-07. Since nothing has changed, either legally or factually, there is no basis for this court to revisit these claims on collateral review.

### *Claim IV: Ineffective Assistance of Counsel*

To prevail on an ineffective assistance claim, Hamilton must show that 1) his attorney's performance was objectively unreasonable, and 2) there is a reasonable probability that, but for his attorney's purported errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

Hamilton's motion alleges the following: "No client-attorney rapport, months without being able to contact said attorney, no trial strategies. I spoke with court about my conflict of interest with lawyer, court said "didn't you hire him?" sticking me with deficient counsel, and sealing my fate." (R.3, Motion at 5.) These perfunctory allegations will not suffice.

That Hamilton never alleges, much less establishes, how counsel's alleged deficiencies prejudiced him at trial is already enough to doom his ineffective-assistance claim. In any event, "[i]t is well-established that the Sixth Amendment does not require an attorney and a client to have a meaningful attorney-client relationship or good rapport." *United States v. Golden*, 102 F.3d 936, 942 (7th Cir. 1996) (citations omitted). The lack of rapport between Hamilton and his attorney therefore cannot, on its own, amount to a "conflict of interest." If, however, Hamilton believed that some actual conflict compromised his defense, it was incumbent upon him to say, with some specificity, what that conflict was. Lastly, Hamilton claims that counsel had "no trial strategies." But faced with the difficult fact that Hamilton led police on a high-speed chase of a vehicle that was used to flee the scene of a bank robbery, counsel mounted one of the few available defenses: Hamilton was not a knowing participant in the robbery. To this end, counsel

repeatedly attacked the credibility of the government's key witnesses Cleve Jackson and Lavonas Troupe, both of whom testified to Hamilton's knowing participation in the robbery; and called Hamilton's wife as a witness, who sought to undermine Jackson and Troupe's testimony that Hamilton helped them plan the robbery in the days leading up to it. Hamilton's assertion that counsel went to trial with no coherent strategy is simply belied by the record. That this strategy ultimately failed does not show that Hamilton was denied effective representation.

In his reply, Hamilton advances two new grounds for his ineffective-assistance claim. These argument would fail even if they hadn't come late in the day. *First*, Hamilton alleges that counsel underestimated his potential sentence if he were to be convicted at trial. An inaccurate prediction of a sentence, alone, usually will not underwrite an ineffective-assistance claim. *See United States v. Fuller*, 312 F.3d 287, 293 (7th Cir. 2002). In some cases, however, a botched prediction may be such a gross mischaracterization of the stakes that it becomes a factor in the assessment of counsel's overall performance. *Julian v. Bartley*, 495 F.3d 487, 495 (7th Cir. 2007). At a minimum, such a claim must set forth counsel's allegedly deficient predictions with some specificity. As it stands, Hamilton's motion sets forth nothing but the conclusory and speculative allegation that counsel "underestimated" his "exposure"—by how much Hamilton does not say. Nor does Hamilton allege that counsel advised him to reject a plea offer, *see, e.g.*, *Gallo-Vasquez v. United States*, 402 F.3d 793, 798 (7th Cir. 2005), although his motion does imply, at least obliquely, that he would have pleaded guilty but for counsel's purported failure to properly size up the risks. These bald allegations do not entitle Hamilton to relief under § 2255, or for that matter, to an evidentiary hearing. *See Daniels*, 54 F.3d at 293; *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996) ("in order for a hearing to be granted, the [motion] must be accompanied by a detailed and specific affidavit.") (citation omitted).

*Second*, Hamilton argues in his reply that because counsel failed to object either to the two-point enhancement for obstruction of justice or to the purportedly "undue weight" this court gave the guidelines, the Seventh Circuit reviewed his sentence under the plain-error instead of the *de novo* standard of review. This argument is patently without merit; counsel's objections would not have afforded Hamilton the benefit of *de novo* review of his sentence.

Lastly, Hamilton is not entitled to a certificate of appealability. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings (Eff. Dec. 1, 2009). A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That requires, in turn, that the court's ruling be "debatable" among "jurists of reason." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is not the case here. The law of the case disposes of Hamilton's first three contentions straightaway, and his ineffective-assistance claim is bereft of any specific allegations that could support relief under *Strickland*.

## CONCLUSION

For the foregoing reasons, Hamilton's motion is DENIED without an evidentiary hearing. The court declines to issue a certificate of appealability.

Enter:

/s/ David H. Coar

David H. Coar

United States District Judge

**Dated: April 21, 2010**